**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**CRYSTAL BOURN and VERLON BOURN**                                                   **PLAINTIFFS**

**VERSUS**                                          **CIVIL ACTION NO. 2:05cv2073KS-MTP**

**CITY OF HATTIESBURG, MISSISSIPPI (HATTIESBURG
POLICE DEPARTMENT; DAVID WYNN, Individually and
in his official capacity as Chief of Police of the City of
Hattiesburg Police Department; JACOB GARNER, Individually
and in his official capacity; JESSIE MERRILL, JR.,
Individually and in his official capacity, and JOHN and
JANE DOES 1-18**                                                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion to Dismiss **[#18]** filed on behalf of

defendants Jessie Merrill, Jr., and Jacob Garner.  The court, having reviewed the

motion, the response the pleadings and exhibits on file, the authorities cited, the briefs

of counsel and being otherwise fully advised in the premises finds that the motion is not

well taken and should be denied, based on the following reasoning.

According to the Second Amended Complaint, on or about March 2, 2004, the

plaintiff, Crystal Bourn, was pulled over by Defendant Jacob Garner, a uniformed officer

of the Hattiesburg Police Department.  The plaintiff stopped her vehicle in the parking

lot of one of Plaintiff Verlon Bourn's businesses.  The plaintiff alleges that while she was

in the process of complying with the officer's request to see her driver's license and

proof of insurance, Verlon Bourn came outside to inquire what was happening.

The complaint further alleges that without warning, justification, cause or otherwise, Garner put handcuffs on Verlon Bourn and radioed for backup officers. Moments later, at least two more officers, including defendant Merril,  employed by the Hattiesburg Police Department arrived.  Defendant Jessie Merrill, Jr., allegedly knocked Verlon Bourn to the ground, causing injuries to his knee.  Verlon Bourn alleges that once he was on the ground, he was sprayed with mace, pepper spray, or a similar product which upon information and belief is thought to be "Freeze Plus P."

Crystal Bourn alleges that during this same time period, she was slammed to the hood of a vehicle and also sprayed with mace, pepper spray, or what is believed to be "Freeze Plus P," causing injuries to her face and eyes.  Each of the plaintiffs assert that they continue to experience, pain, suffering, emotional trauma, permanent injuries and other damages from these encounters.

Both of the plaintiffs were arrested by the City of Hattiesburg Police Department and placed in jail for several hours until they were able to bond out.  Plaintiff Verlon Bourn was charged with disorderly conduct, public drunkenness, and resisting arrest. Plaintiff Crystal Bourn was charged with simple assault on a police officer, interfering with a police officer, and failure to yield the right of way.  All of the charges were subsequently resolved in the favor of the plaintiffs.

On or about September 29, 2005, the plaintiffs filed their Complaint against certain defendants.  On or about January 24, 2006, the plaintiffs filed their First Amended Complaint, and on or about September 11, 2006, the plaintiffs filed their Second Amended Complaint wherein they named defendants Merrill and Garner as

2

additional defendants.  In the Second Amended Complaint, they alleged malicious

prosecution and several other state law claims against defendants Merrill and Garner in

their official and individual capacities.  Defendants Merrill and Garner have moved the

court to dismiss the claims of malicious prosecution, abuse of process, negligent and

intentional infliction of emotional distress and general negligence against them alleging

that such claims are untimely and/or are barred by the Mississippi Tort Claims Act.  The

plaintiffs have responded only to the defendants' motion related to the abuse of process

claim.

The defendants assert that the above delineated allegations contained in the

plaintiffs' Second Amended Complaint are pendent State law claims and as such

subject to the provisions of Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. §

11-46-1 *et seq* and specifically the one (1) year statute of limitations as provided

pursuant to Miss. Code Ann. § 11-46-11(3).  The plaintiffs respond that the allegations

of the complaint related to malicious prosecution are not subject to the MTCA because

they are intentional acts which were engaged in by the defendants outside the course

and scope of their employment.


**STANDARD OF REVIEW**

The defendants motion is brought pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure for failure of the plaintiffs to state a claim upon which relief can be

granted.  In ruling on a 12(b)(6) motion, the court may not go outside the pleadings,

specifically the complaint in this case.  "The Rule 12(b)(6) motion . . . only tests whether

the claim has been adequately stated in the complaint."  5A C. WRIGHT & A. MILLER,

3

FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).  As the Fifth Circuit has stated, "We may not go outside the pleadings.  We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff.  We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted).  *See also,  Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).  Even where a plaintiff fails to respond to the motion, the court is required to view the facts in the light most favorable to him.  If any matters outside the complaint are considered, the motion is converted to one for summary judgment.  *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

### *Sovereign Immunity*

The defendants contend that they are entitled to sovereign immunity on the plaintiffs' state law claims pursuant to the Mississippi Tort Claims Act.  Specifically, Miss. Code Ann. § 11-46-9(Supp. 2000) provides;

(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:

.    .    .

(c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury;

(d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the governmental entity or employee thereof, whether or not the discretion be abused.

4

In order for the plaintiffs to ultimately prevail, they must prove, by a preponderance of the evidence, that the defendants acted in reckless disregard of their safety in procuring their arrest and/or the alleged unlawful prosecution.  If the arrest was unlawful, then such conduct could rise to the level of reckless disregard under current Mississippi law.  *See Maldanado v. Kelly*, 768 So. 2d 906 (Miss. 2000); *Simpson v. City of Pickens*, 761 So. 2d 855 (Miss. 2000); *Mosby v. Moore*, 716 So. 2d 551 (Miss. 1998); and *Foster v. Noel*, 715 So. 2d 174 (Miss. 1998).  However, based on the record before the court, there appears to be a genuine factual dispute as to whether or not such conduct rises to the level of reckless disregard as defined in the cited cases.  Such issues are best left to a properly instructed jury, especially at this stage of the proceedings where the allegations of the complaint are taken as true.

As to the specific state law claim for malicious prosecution, the requirements to maintain such a claim are similar under both state and federal law.  There are six elements to the cause of action under Mississippi law.  They are;

> (1.)  The institution or continuation of original judicial proceedings, either criminal or civil;
> (2.)  by, or at the insistence of the defendants;
> (3.)  the termination of such proceedings in plaintiff's favor;
> (4.)  malice in instituting the proceedings;
> (5.)  want of probable cause for the proceedings; and
> (6.)  The suffering of damages as a result of the action or prosecution complained of .

*Bass v. Parkwood Hosp.*, 180 F.3d 234, 245 (5th Cir. 1999)(*quoting Van v. Grand Casinos of Mississippi, Inc.*, 724 So.2d 889, 891 (Miss. 1998)).  Without going through an exhaustive analysis of each element, which is not required at this point, the court finds that the plaintiffs have properly pled claims which defeat the motion to dismiss.

5

The defendants have also attacked the plaintiffs' state law claims of negligent or intentional infliction of emotional distress and general negligence under sovereign immunity.  The court has found that the plaintiffs have properly pled a claim related to whether the defendants acted with reckless disregard toward the plaintiffs so as to obviate their entitlement to sovereign immunity.  The same holds true for the remainder of plaintiffs' state law claims.  The court shall exercise supplemental jurisdiction and carry these claims with the federal claims.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#18]** filed on behalf of defendants Jessie Merrill, Jr., and Jacob Garner is Denied.

SO ORDERED AND ADJUDGED this the 29th day of May, 2007.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE